## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACK SULLIVAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-26-114-HE |
| | ) |
| CARMEN PACHECO et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's motion for leave to proceed in forma pauperis (IFP). Doc. 2.[1] United States District Judge Joe Heaton referred the IFP motion to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3.

### I.    Discussion.

On January 23, 2026, Plaintiff filed an IFP motion with the Court. Doc. 2. On January 28, 2026, the Court ordered Plaintiff to cure the motion by providing the Court with the specific information listed on the IFP application by February 18, 2026. Doc. 4. The Clerk of Court mailed a copy of the order and an IFP form to Plaintiff at the address he provided to the Court. Doc. 4

---

[1]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

(Staff notes). To date, Plaintiff has not responded to the Court's order to cure. The Postmaster returned the order to cure to this Court as undeliverable on February 19, 2026. *See* Doc. 5 (stating "Return to Sender," "No Such Number," "Unable to Forward"). This Court's Local Rules require a litigant to keep the Court updated on their current address. *See* LCvR5.4. Plaintiff has not submitted a change of address form to the Court.

The filing fee in civil cases is $405.00.[2] A court has discretion under 28 U.S.C. § 1915(a) in deciding whether to grant a civil litigant permission to proceed IFP. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *see also Grimes v. TCF Bank*, 769 F. App'x 659, 660 (10th Cir. 2019) (reviewing a district court order denying an in forma pauperis application for an abuse of discretion). "Section 1915(a) applies to all persons applying for [in forma pauperis] status, and not just to prisoners." *Lister*, 408 F.3d at 1312.

Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). To succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees. *Lister*, 408 F.3d at 1312. Factors the Court may consider in exercising its discretion include: "whether the complaint is

---

[2]    The filing fee is $350.00. *See* 28 U.S.C. § 1914(a). In addition, an administrative fee of $55.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (internal citations omitted).

Turning to the first factor, Plaintiff, proceeding pro se, sues Carmen Pacheco and Sergio Jimenez for "delay[ing] the proceedings, in violation of 42 U.S.C. 1983." Doc. 1, at 1. Plaintiff provides no further information to the Court. The undersigned therefore concludes the action appears to be frivolous.

As to the second factor, Plaintiff is not a prisoner. So the undersigned does not find that the special concerns attendant to prisoner cases apply.

For the final factor, the Court is unable to determine Plaintiff's financial circumstances as Plaintiff did not provide the Court with sufficient information as required for IFP status. The Court ordered Plaintiff to cure his IFP application, but he did not respond to the Court's order and has provided no further information to the Court.

## II.   Recommendations.

Because Plaintiff has not provided information to show he is unable to pay the filing fee, the undersigned recommends the Court deny Plaintiff's IFP motion. Doc. 2. The undersigned further recommends that the Court dismiss

this action without prejudice to refiling if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of the Court within twenty-one days of any order adopting this Report and Recommendation. *See* LCvR3.3(e).

The undersigned advises Plaintiff of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of the Court on or before March 17, 2026. The Court further advises Plaintiff that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 24th day of February, 2026.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

4